COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

UNPUBLISHED

VIKING CONTRACTING, INC. AND
  LIBERTY INSURANCE CORPORATION

                                                      MEMORANDUM OPINION*
v.        Record No. 1701-12-4                              PER CURIAM
                                                        JANUARY 8, 2013

MARIA ELENA ALIAGA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Alan D. Sundburg; Friedlander Misler, PLLC, on brief), for
          appellants.

          (Andrew S. Kasmer, on brief), for appellee.


      Viking Contracting, Inc. and Liberty Insurance Corporation (employer) appeal a decision

of the Workers' Compensation Commission finding that Maria E. Aliaga (claimant) was totally

disabled and had no duty to market her residual work capacity.[1]  We have reviewed the record

and the commission's opinion and find that this appeal is without merit.  Accordingly, we affirm

for the reasons stated by the commission in its final opinion.  See Aliaga v. Viking Contracting,

Inc., JCN VA000-0015-5292 (Aug. 24, 2012).  We dispense with oral argument and summarily

---

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Claimant contends that the record fails to set forth when employer filed its notice of
appeal.  Although the notice of appeal was not included in the joint appendix, the record shows
that employer filed a notice of appeal with the commission on September 25, 2012, sent via
certified mail on September 21, 2012.  Thus, the notice was timely filed.
      Claimant also contends that employer failed to preserve the marketing issue before the
full commission.  The deputy commissioner found that claimant was totally disabled, therefore,
she was under no obligation to market her residual ability.  On July 13, 2011, employer filed a
request for review before the full commission.  In the request for review, employer claimed error
with the finding that "claimant had no duty to market her residual capacity."  The full
commission found that a questionnaire signed by claimant's treating physician was sufficient to
support claimant's ongoing disability.  Employer preserved the issue.

affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.